IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JULIE VELARDE,**

    **Plaintiff,**

vs.                                                              Cause No. 15-CV-814 BRB/KBM

**AUSTIN BARNES, in his individual
and his official capacities, and**

**TOWN OF TAOS, a municipality,**

    **Defendants.**

## SECOND AMENDED COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

COMES NOW, Plaintiff JULIE VELARDE ("Plaintiff"), by and through her attorney of record, Dwight Thompson, and pursuant to 42 U.S.C. §1983 hereby files this second amended complaint against Defendant AUSTIN BARNES, in his individual capacity and his official capacity as a law enforcement officer of the Town of Taos Police Department, and Defendant TOWN OF TAOS for violations of Plaintiff's rights as protected by the Fourth and Fourteenth Amendments of the United States Constitution. In support thereof, Plaintiff states as follows:

### PARTIES

1. Plaintiff is a resident of Taos County, New Mexico.

2. Defendant Austin Barnes ("Defendant") is a resident of Taos County, New Mexico.

3. Defendant was employed as a law enforcement officer by the Town of Taos Police Department at all relevant times described herein.

4. Defendant was acting within the scope of his duties and under color of law at all relevant times described herein.

5. Defendant Town of Taos is a municipality in Taos County, New Mexico.

6. Defendant Town of Taos was the employer of Defendant Austin Barnes at all relevant times described herein.

JURISDICTION AND VENUE

7. Jurisdiction and venue in this matter are proper as Plaintiff is a resident of Taos County, New Mexico and all events described herein occurred in Taos County, New Mexico.

FACTUAL BACKGROUND

8. On October 22, 2011, Plaintiff was arrested by Defendant Austin Barnes ("Barnes") for the following alleged crimes: (a) disorderly conduct; (b) battery upon a police officer; (c) and resisting, evading, or obstructing an officer.

9. Defendant Barnes was in full uniform as an officer of the Town of Taos Police Department and responded to a dispatch from a 911 call made by Plaintiff who was reporting a domestic disturbance with her boyfriend.

10. David Weaver ("Weaver"), a law enforcement officer with the Town of Taos Police Department accompanied Defendant Barnes in the response to the call.

11. When Defendant Barnes and Weaver arrived at the apartment of Plaintiff's boyfriend, Weaver stepped inside the dwelling to interview Plaintiff's boyfriend, while Defendant Barnes interviewed Plaintiff outside of the door to the apartment.

12. Shortly after the interview began, Plaintiff refused to continue speaking with Defendant Barnes and went back inside the apartment.

13. At that point, Defendant Barnes tackled Plaintiff inside the apartment, slamming her to the ground with great force and injuring her shoulder in the process.

14. Weaver witnessed Defendant Barnes slamming Plaintiff into the ground, and failed to intervene or otherwise prevent the violation of Plaintiff's constitutional rights.

15. After Plaintiff had been arrested and placed in handcuffs by Defendant Barnes, Defendant Barnes put Plaintiff in the back seat of his police vehicle to await transport.

16. While Plaintiff was sitting in the back of Defendant Barnes police vehicle, Defendant Barnes forcibly shoved his hand down and inside the front of Plaintiff's pants in a supposed effort to locate contraband possessed by Plaintiff.

17. Defendant Barnes' hand remained down and inside the front of Plaintiff's pants and underwear for almost one minute.

18. During this period of time, Defendant Barnes' fingers remained within Plaintiff's pants and underwear against Plaintiff's will and without her consent.

19. Plaintiff was held at a detention cell within the Town of Taos Police Department for several hours before she was transported to Holy Cross Hospital in Taos, New Mexico.

20. Plaintiff had requested medical attention for the physical injuries she suffered at the hands of Defendant Barnes, as well as a Sexual Assault Nurse Examiner ("SANE") exam.

21. While Plaintiff was being held in said detention cell, Defendant Barnes acted without excuse or provocation and subjected Plaintiff to further harm and injury by physically shoving, restraining, and otherwise physically abusing Plaintiff while she remained handcuffed within her cell.

22. Weaver accompanied Plaintiff to the hospital and told nursing staff at the hospital not to believe Plaintiff because she was allegedly drunk.

23. A SANE examination was not conducted upon Plaintiff at that time.

24. Plaintiff did not receive a SANE exam until approximately two days later, and only as a result of the repeated calls to the police station and jail by Plaintiff's mother.

25. Immediately after Plaintiff's arrest, while she was restrained by handcuffs and in a detention cell, Defendant Barnes physically assaulted Plaintiff on multiple occasions.

COUNT 1: EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. §1983

26. Plaintiff incorporates paragraphs 1-25 as though fully set forth herein.

27. Defendant Barnes applied physical force in arresting Plaintiff on October 22, 2011, including tackling Plaintiff and forcefully slamming her into the ground.

28. Defendant Barnes tackling of Plaintiff and slamming Plaintiff against the ground severely injured Plaintiff's shoulder.

29. Defendant Barnes' use of force against Plaintiff was excessive and objectively unreasonable under the circumstances.

30. Defendant Weaver, who was supervising and assisting Defendant Barnes at the time, failed to intervene or otherwise prevent the violation of Plaintiff's constitutional rights.

31. The actions of Defendant Barnes were intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

32. The actions of Defendant Barnes proximately caused Plaintiff damages and injuries, including physical injuries, pain and suffering, lost liberty, and psychological and emotional distress.

33. Plaintiff has incurred significant medical costs in excess of $50,000 since her arrest for treatment to her shoulder that was injured by Defendant Barnes.

34. Plaintiff's right to be free from excessive force as protected by the Fourth and Fourteenth Amendments of the U.S. Constitution was clearly established at the time.

WHEREFORE, Plaintiff Julie Velarde requests compensatory and punitive damages against Defendant Barnes, together with all costs and attorney's fees.

## COUNT 2: EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. §1983

35. Plaintiff incorporates paragraphs 1-34 as though fully set forth herein.

36. Defendant Barnes' placing of his hands inside Plaintiff's pants and underwear while she was handcuffed in the back of Defendant Barnes' police vehicle constituted sexual assault and was excessive force in violation of 42 U.S.C. §1983.

37. Defendant Barnes' actions violated Plaintiff's right to be free from excessive force as protected by the Fourth and Fourteenth Amendments of the U.S. Constitution.

38. Although Defendant Barnes removed a small quantity of marijuana from Plaintiff's person at the time of this sexual assault, Plaintiff was never charged with a possession of marijuana, nor was any mention of marijuana made in Defendant Barnes' police report.

39. Defendant Barnes' use of force against Plaintiff by placing his hands inside Plaintiff's pants and underwear was excessive and objectively unreasonable under the circumstances.

40. The actions of Defendant Barnes in this respect were intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

41. The actions of Defendant Barnes proximately caused Plaintiff damages and injuries, including physical injuries, pain and suffering, lost liberty, and psychological and emotional distress.

42. Plaintiff's right to be free from excessive force as protected by the Fourth and Fourteenth Amendments of the U.S. Constitution was clearly established at the time.

WHEREFORE, Plaintiff Julie Velarde requests compensatory and punitive damages against Defendants Barnes, together with all costs and attorney's fees.

COUNT 3: EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. §1983

43. Plaintiff incorporates paragraphs 1 - 42 as though fully set forth herein.

44. Defendant Barnes repeated acts of pushing, shoving, and restraining Plaintiff while she was already in handcuffs in the detention cell constituted excessive force.

45. Plaintiff suffered damages as a result of the physical abuse inflicted upon her by Defendant Barnes while she was in the detention cell.

46. Defendant Barnes' acts of excessive force in the detention cell were in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

47. Plaintiff's right to be free from excessive force as protected by the Fourth and Fourteenth Amendments of the U.S. Constitution was clearly established at the time.

48. Defendant Barnes' use of force against Plaintiff while she was in the detention cell was excessive and objectively unreasonable under the circumstances.

49. The actions of Defendant Barnes proximately caused Plaintiff damages and injuries, including physical injuries, pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff Julie Velarde requests compensatory and punitive damages against Defendants Barnes, together with all costs and attorney's fees.

## PRAYER

WHEREFORE, Plaintiff Julie Velarde respectfully prays that the Court grant the following relief:

A. Enter a judgment in Plaintiff's favor against Defendant Barnes in his individual and official capacities and Defendant Town of Taos on Counts 1 through 3.

B. Award Plaintiff punitive damages against Defendant.

C. Award Plaintiff her attorney's fees and costs incurred in bringing this action.

D. Award any and all further relief as in the just discretion of the Court.

Respectfully submitted,

**/s/ Dwight Thompson**

Dwight Thompson
P.O. Box 60007
Savannah, GA  31420
(575) 751-3043 (Telephone)
(575) 758-1387 (Facsimile)
*Attorney for Plaintiff Julie Velarde*